# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL BOOHER AND ERICA BOOHER, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No.: 1:16-cv-00014 |
| v. | ) ) |
| ISEMAN HOMES, INC., CMH MANUFACTURING WEST, INC., LIPPERT COMPONENTS, INC., TERRENCE OBERLE, ASH, INC., JOHN DOE #1, | ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CMH MANUFACTURING WEST, INC. | ) ) |
| Cross-Plaintiff, | ) ) |
| v. | ) ) |
| LIPPERT COMPONENTS, INC., | ) ) |
| Cross-Defendant. | ) ) |
| and | ) ) |
| ASH, INC.. | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| PARDEE EXCAVATING, LLC., | ) ) |
| Third-Party Defendant. | ) |

## PROTECTIVE ORDER

Pursuant to Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, IT IS HEREBY

ORDERED, ADJUDGED AND DECREED:

1. **Definitions:** The following definitions shall apply to this Order:

(a) "Document" shall mean any original or copy of any document, record or other tangible material or thing, as further described in Fed. R. Civ. P. 34, produced by way of disclosure or in any response to any discovery request served by either party in this action, or any deposition transcript or portion of a deposition transcript or any document marked for identification at any deposition, or any exhibit or affidavit submitted in connection with this proceeding, or used at trial in this matter.

(b) "Confidential Information" shall mean any information regarded by the Disclosing Party (defined below) as confidential information, and which is subject to the restrictions applying to "Confidential Information" as set forth below.

(c) "Disclosing Party" shall refer to the party that claims the information or Document to be Confidential Information, and that discloses or has disclosed the Confidential Information to the Receiving Party (defined below).

(d) "Receiving Party" shall refer to the party that receives or has received the Confidential Information from the Disclosing Party.

2. **Designation as "Confidential Information".**

(a) A party to this action may designate, in good faith, any information or Documents as Confidential Information in the course of this proceeding. Such Confidential Information may be provided as part of the required disclosure process, in the response to any discovery request, during deposition, as part of any filing with the Court, or as part of any trial or hearing in this matter. Such Confidential Information shall be used solely for preparation and trial of this litigation, and for no other purpose whatsoever, and shall not be disclosed to any other person except in accordance with the terms set forth herein. The Disclosing Party shall only so designate

any information or Documents as Confidential Information if such information or Document is or contains confidential, proprietary or trade secret information, which may include, but is not limited to, technical or scientific information, pending patent applications, source code, financial information, business information, marketing information, strategic information, product development information, customer lists or information, supplier lists or information, design specifications, scientific processes or formulas, etc. Information and Documents designated as Confidential Information shall be restricted in circulation to only the persons described in Paragraph 3 below.

(b) The Disclosing Party shall designate Confidential Information by conspicuously marking any Documents containing such information with the words "CONFIDENTIAL", or a substantially similar designation. Any tangible items that contain Confidential Information shall be marked as identified above with a tag, label or a cover sheet, if it is not practical to mark the items directly. Any Confidential Information that is disclosed orally shall be orally confirmed to opposing counsel as being Confidential Information at the time of disclosure and by promptly thereafter confirming in writing the disclosure as being Confidential Information and specifying the nature of the disclosure that is considered Confidential Information.

3. **Access to and Use of Confidential Information.** Access to Confidential Information and any information reflecting or embodying such Confidential Information that is not otherwise publicly available shall be restricted to:

(a) outside counsel for the parties and employees or representatives (e.g., copy services) of their respective firms who are actually assisting in the preparation of this action;

(b) Receiving Party representative(s) who has a need to know of such information for purposes of this action;

(c) outside independent experts and consultants retained by the parties or their counsel who have a need for such information to assist in this litigation, provided that: (i) such person is not regularly engaged in any activity that places him or her in competition with the products or services provided the Disclosing Party; and (ii) such expert or consultant has previously agreed to be personally bound by this Protective Order by executing the Acknowledgment attached hereto as Exhibit A, which shall be provided to counsel for the Disclosing Party upon request;

(d) the Court and related Court personnel; and

(e) any other person with the prior written consent of the Disclosing Party.

Counsel shall retain all original executed Acknowledgments for their respective party. Non-testifying experts or consultants do not need to be disclosed to the other party under this section provided that they meet the qualifications set forth in this section.

4. **Purpose of Disclosure.** The disclosure of Confidential Information is made solely for use in this action and for the purposes of this action. No person or entity subject to this Protective Order shall use such Confidential Information for any other purpose, nor shall they copy, reproduce or disclose any Confidential to any other person or entity. The restrictions set forth in this Protective Order shall survive the conclusion of this action, and the Court shall retain jurisdiction of this action after its conclusion for the purposes of enforcing the terms of this Protective Order.

5. **Failure to Designate.** The inadvertent failure to designate Documents or information as Confidential Information prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate such Documents or information as Confidential Information at a later time. In the event that any Confidential Information is

promptly designated within thirty (30) days as such after disclosure, the Receiving Party shall use all reasonable efforts to ensure that such Document or information is subsequently treated as Confidential Information pursuant to the terms of this Protective Order, and any persons who have had access to such disclosure shall be so instructed. If a Disclosing Party inadvertently discloses information that is privileged or otherwise immune from discovery, the Disclosing Party shall promptly request in writing that the inadvertently produced item be returned. The Receiving Party shall return the inadvertently produced item and all copies within seven (7) days of the written request. After inadvertently disclosed privileged or immune information is returned, any party may seek its production under the Federal Rules of Civil Procedure. However, no party shall assert that the inadvertent disclosure waived any privilege or immunity.

6. **Right to Challenge Status of Information.** Nothing in this Protective Order shall prevent a party from challenging the status of a Document as Confidential Information or from seeking a Court ruling permitting the disclosure of such information or Document. Should the Receiving Party wish to make a disclosure of such Confidential Information other than as provided in this Protective Order, it shall first negotiate in good faith with the Disclosing Party to resolve any dispute as to such disclosure. In the event the parties fail to agree, the Receiving Party may apply to the Court by motion for appropriate relief. The provisions of this Protective Order shall continue to apply until such time as the Court has issued an order permitting such disclosure and specifying the conditions for such disclosure.

7. **Use of Confidential-Information During the Case.** The Party using Confidential-Information shall take all reasonable steps to maintain confidentiality of the Confidential Information during such use by redacting documents or testimony to the extent

possible, requesting that the court seal any transcript or exhibits with respect to the proceeding, or moving for the sequestration of unauthorized persons.

      **8.**    **Use by Disclosing Party.** Nothing in this Protective Order shall prevent the Disclosing Party from using or disclosing its own Confidential-Information for any purpose. Nothing in this Order shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential Information, regardless of which party produced such information.

      **9.**    **Orders at Trial or Hearing.** At trial or hearing in this action, the Court may enter further orders governing the use at the trial or hearing of the Confidential Information. Unless otherwise agreed to in writing by the parties, or ordered by the Court, all proceedings involving or relating to Confidential Information shall be subject to the provisions of this Order.

      **10.**    **Return of Documents.** At the conclusion of this action, all Confidential Information, including all copies, excerpts, and summaries thereof shall be returned to the Disclosing Party or destroyed. If such Confidential Information is destroyed, the attorneys responsible for such destruction shall provide the Disclosing Party with a written statement certifying that such information has been destroyed. The return or destruction of the Confidential Information shall be completed within thirty (30) days of the completion of this action, including any appeals. Notwithstanding the foregoing, counsel for any party may retain one copy of the Confidential Information in its files for archival purposes only.

**IT IS SO ORDERED**

Dated this 7th day of April, 2017

                                              */s/ Charles S. Miller, Jr.*
                                              Charles S. Miller, Jr., Magistrate Judge
                                              United States District Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL BOOHER AND ERICA BOOHER, | ) ) ) |
| Plaintiffs, | ) ) ) Civil Action No.: 1:16-cv-00014 |
| v. | ) ) |
| ISEMAN HOMES, INC., CMH MANUFACTURING WEST, INC., LIPPERT COMPONENTS, INC., TERRENCE OBERLE, ASH, INC., JOHN DOE #1, | ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CMH MANUFACTURING WEST, INC. | ) ) |
| Cross-Plaintiff, | ) ) |
| v. | ) ) |
| LIPPERT COMPONENTS, INC., | ) ) |
| Cross-Defendant. | ) ) |
| and | ) ) |
| ASH, INC.. | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| PARDEE EXCAVATING, LLC., | ) ) |
| Third-Party Defendant. | ) |

EXHIBIT A – ACKNOWLEDGEMENT RE: PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT RE: PROTECTIVE ORDER**

**(Access to Confidential Information)**

  I, _____, have been given a copy of and have read the Protective Order entered in the above proceeding. I understand its contents and agree that I will be and am bound by its terms. I submit to the jurisdiction of this Court for any purpose related to the enforcement of this Protective Order.

  Dated this _____ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name

_____
Address

_____
City    State    Zip

EXHIBIT A – ACKNOWLEDGEMENT RE: PROTECTIVE ORDER